UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN REYES,<br><br>Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE, MELINDA MCGHEE, and SEIU UHW UNION,<br><br>Defendants. | No. 2:19-cv-02289-KJM-CKD PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 26) |

Presently before the court is a motion to dismiss plaintiff's First Amended Complaint (ECF No. 19) brought by defendants Melinda McGhee and Service Employees International Union, United Healthcare Workers ("SEIU UHW" or "Union").[1] (ECF No. 26.) The motion was taken under submission pursuant to Local Rule 230(g) (ECF No. 33), and the court has considered defendants' memorandum and declaration in support of their motion, plaintiff's response, and defendants' reply. (ECF Nos. 27-30.) As set forth below, the undersigned recommends GRANTING defendants' motion and dismissing the claims against defendants McGhee and SEIU UHW with prejudice; and, as to the remaining non-moving defendant, Kaiser

---

[1] Plaintiff is proceeding pro se, and this action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

1

1  Permanente, the court orders plaintiff to show cause why the action should not be dismissed, with
2  prejudice, as barred by the doctrine of res judicata.

3  **BACKGROUND**

4      Plaintiff initiated this action about one year ago, on November 11, 2019. (ECF No. 1.)
5  For several months, plaintiff attempted to serve the three named defendants but consistently failed
6  to do so in a manner that complied with Federal Rule of Civil Procedure 4. (ECF Nos. 11, 13, 16,
7  17.) The court allowed plaintiff several chances to effectuate proper service, and in a May 22,
8  2020 order, directed plaintiff once more to properly serve all defendants within 30 days. (ECF
9  No. 18.) Instead, on June 1, 2020, plaintiff filed a First Amended Complaint ("FAC") (ECF
10 No. 19), which is now before the court on defendants SEIU UHW and McGhee's motion to
11 dismiss (ECF No. 26). Rather than dwell on plaintiff's repeated failure to follow court orders, the
12 undersigned opts to address the merits of the present motion to dismiss, which should largely
13 dispose of this case.

14     **A. The Complaint**

15     The 159 pages of documents which plaintiff has filed as his FAC are scattered and
16 somewhat difficult to follow. Dispersed amongst them are a few completed pages of this
17 district's form civil complaint for pro se parties, with the current case number written across the
18 top. (ECF No. 19 at 5-6, 8-9, 12.) The case caption lists as defendants Kaiser Permanente, SEIU
19 UHW Union, and Melinda McGhee, although only Kaiser is listed as a defendant (four times) in
20 the Parties section.[2] (Id. at 5-6, 8.) Documents attached to the FAC indicate that, from 1988 to
21 2012, plaintiff worked for the healthcare company Kaiser Permanente at Kaiser's South
22 Sacramento location. (Id. at 22, 38, 42.) During that time, he was a member of the SEIU UHW
23 Union, where Ms. McGhee serves as a union representative. (Id. at 68-69.) Plaintiff asserts as
24 the basis for federal jurisdiction: "Unemployment Hearing and my wrongful termination from
25 ////

26

27 [2]     The case caption lists another individual as the plaintiff, but Mr. Reyes lists only himself
    as plaintiff in the Parties section, and the undersigned identifies no claims asserted on behalf of
28 anyone else.

1   Kaiser Permanente." (Id. at 12.) The Statement of Claim section is not included, but in the

2   section for Relief, plaintiff states:

> For my wrong surgery from Kaiser they remove my healthy gall bladder and gave me a second surgery. I am still suffering because of my 2 wrong surgery and my eye and my wrongful termination in violation of public policy from Kaiser and my unemployment finances.

(Id. at 9 (certain punctuation and capitalization corrected).) The FAC does not specify what damages or other relief plaintiff seeks.

Although the form complaint contains no factual allegations directed to defendants SEIU UHW or McGhee, the documents attached indicate that plaintiff wishes to hold them liable for failing to help him challenge what he describes as his "wrongful termination from Kaiser," which occurred back in June 2012. (Id. at 38, 68-69, 111.) One of the attached documents is a copy of a letter plaintiff previously filed in this action, stating that he is "asking this court to file a lawsuit against the Union" because the Union "never represented [him] against Kaiser," never "set up a meeting" between him and Kaiser after his termination, and overall "did nothing for [him]" when he lost his job. (ECF No. 3 at 2; ECF No. 19 at 111.) Also attached to the FAC are copies of a September 25, 2018 charge plaintiff filed with the National Labor Relations Board ("NLRB"), asserting that the Union refused to process a grievance for him against Kaiser, and a February 2019 notice of appeal to the NLRB. (ECF No. 19 at 68-69.)

The Union and Ms. McGhee move to dismiss the FAC's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(4) & (5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim for relief. Because the court agrees that the FAC fails to state a claim for relief against the moving defendants, the court does not address the service problems.

**LEGAL STANDARDS**

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court considers allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

**DISCUSSION**

The court first addresses the claims directed toward the moving defendants, the Union and Ms. McGhee, and then addresses whether the case should proceed against the remaining defendant, Kaiser.

**A.    Claims Against SEIU UHW and Ms. McGhee**

The only legal claim the court can identify as being asserted against the Union and Ms. McGhee is that they breached a "duty of fair representation" owed to plaintiff as a Union member. Plaintiff's opposition to the motion to dismiss confirms the court's reading. (See ECF No. 30 at 2 ("The Plaintiff's issue with the Defendants [is that] they [n]ever provided him with the services he was entitled [to] as a member of SEIU UHW.").)

"The duty of fair representation is a judicially established rule imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit." Peterson v. Kennedy, 771 F.2d 1244, 1253 (9th Cir. 1985); see DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164 n.14 (1983) (discussing policy underlying the duty of fair representation). "A union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining unit is

1  'arbitrary, discriminatory, or in bad faith.'" Peterson, 771 F.2d at 1253 (quoting Vaca v. Sipes,
2  386 U.S. 171, 190 (1967)).

3  Section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C.
4  § 185, provides the statutory basis for an action for breach of the duty of fair representation.
5  Carter v. Smith Food King, 765 F.2d 916, 921 (9th Cir. 1985). Section 301(b) provides that any
6  covered "labor organization may sue or be sued as an entity and in behalf of the employees whom
7  it represents in the courts of the United States." 29 U.S.C. § 185(b) (emphasis added).
8  Accordingly, an action for breach of the duty of fair representation may be brought "only against
9  a union as an entity, and not against individuals who happen to hold positions in that union."
10 Carter, 765 F.2d at 921; see Atkinson v. Sinclair Ref. Co., 370 U.S. 238, 249 (1962) ("Where the
11 union has inflicted the injury it alone must pay."). Because the only identifiable claim against
12 Ms. McGhee arises out of her acts or omissions as a Union representative, she should be
13 dismissed from this action with prejudice.

14 As for plaintiff's claim against the Union itself, the court agrees with defendants that this
15 claim must be dismissed because it has been filed long beyond the statute of limitations for such
16 claims. "The Supreme Court has held that the National Labor Relations Act's (NLRA) six-month
17 statute of limitations for the filing of unfair labor practice claims is applicable to suits against a
18 union for breach of the duty of fair representation." Peterson, 771 F.2d at 1251 (citing
19 DelCostello, 462 U.S. at 169); see 29 U.S.C. § 160(b). "[I]n a duty of fair representation case, the
20 six-month period generally begins to run when an employee knows or should know of the alleged
21 breach of duty of fair representation by a union." Galindo v. Stoody Co., 793 F.2d 1502, 1509
22 (9th Cir. 1986). Although in this case the timing of the Union's alleged breach is not crystal clear
23 from the FAC, the most generous reading of the pleadings places the Union's failure to process
24 plaintiff's desired grievance sometime in late 2012, after his termination in June of that year.
25 Even assuming plaintiff was somehow unaware, then, of the Union's decision not to challenge his
26 termination, plaintiff was certainly aware of the Union's "refus[al] to file and process [his
27 grievance], regarding his termination from Kaiser Permanente" when he filed his NLRB charge
28 on September 25, 2018. (ECF No. 19 at 69.) He filed his initial complaint in this action in

1  November 2019, far more than six months later.  (ECF No. 1.)  Therefore, plaintiff's only

2  discernible claim against the Union is time-barred and should be dismissed with prejudice.

3        Granting leave to amend these claims would be futile, as Ms. McGhee cannot be held

4  liable for her actions on behalf of the Union, and any amended claim against the Union with

5  respect to plaintiff's 2012 termination would also be untimely.  See Cervantes v. Countrywide

6  Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is

7  proper when amendment would be futile).  Accordingly, the undersigned recommends dismissing

8  both defendants SEIU UHW and McGhee with prejudice from this action.

9        **B.**    **Claims Against Kaiser**

10        The third and final defendant named in this action is "Kaiser Permanente," to whom all

11  the FAC's allegations and most of the attached documents relate.  However, Kaiser has yet to

12  appear in this action or respond to either the FAC or the initial complaint, likely because plaintiff

13  still has not properly served Kaiser despite the court's repeated admonishments.  The documents

14  attached to the FAC disclose that plaintiff has sued Kaiser before, at least twice, to contest his

15  termination; therefore, instead of permitting plaintiff even more time to attempt to properly bring

16  Kaiser into this action, the court now orders plaintiff to show cause why his claims against Kaiser

17  should not be dismissed, with prejudice, as barred under the doctrine of res judicata.

18        Among the documents attached to the FAC are portions of the pleadings, orders, and

19  judgment entered in a previous federal action plaintiff filed against Kaiser in March 2018, Reyes

20  v. Kaiser Permanente, No. 2:18-cv-622-TLN-EFB-PS (E.D. Cal.) ("the 622 action").  (ECF

21  No. 19 at 42-43, 45-46, 154-55, 159.)  The complaint in the 622 action was, like the FAC in the

22  present action, largely devoid of factual allegations, but there too plaintiff attached numerous

23  documents to the complaint—most of which have also been attached to the FAC in this action.  In

24  the 622 action, Magistrate Judge Brennan discerned from the attachments that plaintiff's

25  complaint there arose out of the termination of plaintiff's employment with Kaiser; and, because

26  plaintiff had previously voluntarily dismissed with prejudice a prior California state court action

27  against Kaiser for wrongful termination and various forms of discrimination, the 622 action was

28  dismissed with prejudice as barred by res judicata.  Reyes v. Kaiser Permanente, No. 2:18-CV-

6

622-TLN-EFB-PS, 2018 WL 4732152, at *1, *4 (E.D. Cal. Oct. 2, 2018), <u>report and recommendation adopted</u>, 2018 WL 10716542 (E.D. Cal. Nov. 30, 2018), <u>aff'd</u>, 782 F. App'x 605 (9th Cir. 2019), <u>cert. denied</u>, No. 19-8405, 2020 WL 5882510 (U.S. Oct. 5, 2020).  In the 622 action, the court took judicial notice of court records from plaintiff's 2013 suit against Kaiser[3] in Sacramento County Superior Court.  (No. 2:18-cv-622, ECF Nos. 19, 27 at 4 n.4.)  Plaintiff's first amended complaint in the state court action alleged that plaintiff's 2012 termination was based on (1) an unfounded complaint of sexual harassment by a co-worker with whom plaintiff had a private romantic relationship, (2) injuries plaintiff suffered at work, and (3) retaliation for plaintiff's complaint to the California Medical Board for Kaiser's negligent removal of his gallbladder in 2009.  (No. 2:18-cv-622, ECF Nos. 19 at 35-37 & 27 at 4-5.)  He asserted state law claims for "wrongful termination in violation of public policy" and gender and disability discrimination.  (No. 2:18-cv-622, ECF Nos. 19 at 33, 37-50 & 27 at 5.)   In February 2014, the state court granted plaintiff's request to dismiss that action with prejudice.  (No. 2:18-cv-622, ECF No. 19 at 60.)

As plaintiff was informed in the 622 action, the doctrine of res judicata—a subset of which is known as claim preclusion—bars a plaintiff from asserting "claims that were, or should have been, advanced in a previous suit involving the same parties."  <u>DKN Holdings LLC v. Faerber</u>, 352 P.3d 378, 386 (Cal. 2015); <u>see</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1268 (9th Cir. 2009) (where previous judgment was entered in state court, federal courts must apply the preclusion law of the rendering state).  Claim preclusion arises if a subsequent suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit."  <u>DKN Holdings</u>, 352 P.3d at 386.  In California, courts assess whether a subsequent suit involves the same "cause of action" by analyzing "the primary right at stake."  <u>San Diego</u>

---

[3] The state court action named "Kaiser Foundation Hospitals" as the defendant, whereas here plaintiff names "Kaiser Permanente" like he did in the 622 action.  In responding to the complaint in the 622 action, Kaiser averred that it was incorrectly sued as "Kaiser Permanente" when the proper corporate entity is Kaiser Foundation Hospitals, Inc.  (No. 2:18-cv-622, ECF No. 10 at 2.)  It is clear from the record that plaintiff brought the instant action, the 622 action, and the state court action against the same entity:  his former employer, Kaiser Foundation Hospitals.

7

1  Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009)
2  (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 2 Cal. Rptr. 3d 408, 415 (Cal. Ct.
3  App. 2003)). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the
4  defendant then the same primary right is at stake even if in the second suit the plaintiff pleads
5  different theories of recovery, seeks different forms of relief and/or adds new facts supporting
6  recovery." Id. (quoting Eichman v. Fotomat Corp., 197 Cal. Rptr. 612, 614 (1983)).

7       Here, from plaintiff's brief statement again requesting relief for his "wrongful termination
8  in violation of public policy" (ECF No. 19 at 9; No. 2:18-cv-622, ECF No. 1 at 3) and the
9  numerous attached documents related to his termination from Kaiser, it appears to the
10 undersigned that plaintiff is once again seeking to relitigate the suit he dismissed with prejudice in
11 California state court in February 2014. In both the present action and the 622 action, plaintiff
12 attached portions of his state court complaint (ECF No. 19 at 45-46, 130; No. 2:18-cv-622, ECF
13 No. 1 at 36, 39-48), and nearly all documents attached to his complaint in the 622 action are also
14 attached to the FAC here. The overlapping documents attached to the FAC include proof of
15 plaintiff's employment record with Kaiser (ECF No. 19 at 22-33), medical records from his 2009
16 gallbladder surgery (id. at 76-81), pictures of and letters regarding the former co-workers
17 allegedly involved in his termination (id. at 88-99), and documents related to his charges of
18 discrimination with the Equal Employment Opportunity Commission and the California
19 Department of Fair Employment and Housing (id. at 124-26, 133-36). The new documents
20 attached to the FAC relate to plaintiff's 2012 appeal of his post-termination claim for
21 unemployment benefits, which were denied because he was discharged for workplace
22 misconduct. (ECF No. 19 at 38-46, 57-67, 72-74.)

23      As far as the undersigned can discern, the state court case was between the same two
24 parties who will be left standing in this action, involved the same injuries and alleged wrongdoing
25 by Kaiser in terminating plaintiff's employment, and was resolved on the merits by virtue of
26 plaintiff's voluntary dismissal of the action, with prejudice. See Boeken v. Philip Morris USA,
27 Inc., 230 P.3d 342, 345 (Cal. 2010) (for purposes of res judicata, voluntary dismissal with
28 prejudice is a final judgment on the merits). Thus, plaintiff must show cause why the court now

1  should not adopt the same conclusion reached in the 622 action:  that the present lawsuit is barred

2  by res judicata and likewise should be dismissed with prejudice.  "[I]f a court is on notice that it

3  has previously decided the issue presented, the court may dismiss the action *sua sponte*, even

4  though the [preclusion] defense has not been raised," Arizona v. California, 530 U.S. 392, 416

5  (2000), provided that the parties have an opportunity to be heard prior to dismissal.  Headwaters

6  Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054-55 (9th Cir. 2005).  "As a general matter, a court

7  may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that

8  a previous action covering the same subject matter and parties had been dismissed.'"  Id. at 1054-

9  55 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n.1 (9th Cir. 1958)).

10       No later than **30 days** after the date of entry of this order, plaintiff shall file a written

11  response explaining why the dismissal of the prior state court action should not bar the remainder

12  of the current litigation.  If plaintiff determines that his case should not proceed due to the

13  preclusion issues discussed above, he may also file a notice of voluntary dismissal of his case.

14  **CONCLUSION**

15       Accordingly, it is HEREBY RECOMMENDED that:

16  1. Defendants SEIU UHW and Melinda McGhee's motion to dismiss (ECF No. 26) be

17     GRANTED; and

18  2. The claims against defendants SEIU UHW and Melinda McGhee be DISMISSED with

19     prejudice.

20       Further, it is HEREBY ORDERED that:

21  1. Within thirty (30) days of the date of this order plaintiff shall file a written response

22     explaining why the remaining claims against defendant Kaiser Permanente are not barred

23     by res judicata.  If plaintiff determines that his case should not proceed due to res judicata,

24     he may also file a notice of voluntary dismissal of his case.

25       These findings and recommendations are submitted to the United States District Judge

26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

27  days after being served with these findings and recommendations, any party may file written

28  objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 3, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.reye.2289