UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Irvin Reyes,<br><br>                Plaintiff,<br><br>    v.<br><br>Kaiser Permanente, et al.,<br><br>                Defendants. | No. 2:19-cv-2289-KJM-CKD PS<br><br>ORDER |

     Irvin Reyes asserts claims based on errors in a surgical procedure at a Kaiser Permanente hospital and his wrongful termination.  He is not represented by counsel.  The matter was referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b) and this District's Local Rules.  *See* E.D. Cal. L.R. 302(c).

     Kaiser has not appeared; it appears Kaiser has not been properly served.  The other two defendants—Melinda McGhee and the Service Employees International Union, United Healthcare Workers—have moved to dismiss the claims against them under Rule 12(b)(6).  ECF No. 26.  The Magistrate Judge recommends granting the motion to dismiss and has ordered Mr. Reyes to show cause why his claims against Kaiser should not be dismissed based on the preclusive effect of two similar cases he has litigated against Kaiser, which were both unsuccessful.  ECF No. 34.  Mr. Reyes did not object to the findings and recommendations, but he did file a second amended complaint.  ECF No. 35.

1

1    This order addresses only the Magistrate Judge's recommendation to grant the motion to dismiss.  The Magistrate Judge's findings of fact are presumed correct, *see Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979), and legal conclusions are reviewed de novo, *see Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

    The court agrees the complaint against Ms. McGhee cannot proceed because an action for breach of the duty of fair representation can proceed only against a union, not an individual, and because any analogous state law tort claims based on the same allegations would be preempted by federal law.  *See Carter v. Smith Food King*, 765 F.2d 916, 920–21 (9th Cir. 1985).  The court also agrees the claims against the Union cannot succeed because they were filed more than six months after Mr. Reyes knew or should have known the Union had decided not to contest his termination.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983).

    The court construes Ms. Reyes's second amended complaint as a request for leave to amend.  His proposed amendments do not correct the problems discussed in the previous paragraph.  The claims against Melinda McGhee and the Service Employees International Union, United Healthcare Workers are therefore **dismissed without leave to amend**.  *See Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A district court may dismiss a complaint without leave to amend if amendment would be futile." (citation and quotation marks omitted)).

    The matter is referred again to the Magistrate Judge to consider Mr. Reyes's response to the order to show cause and for all other proceedings.

    This order resolves ECF No. 26.

    IT IS SO ORDERED.

    DATED:  December 15, 2020.

    CHIEF UNITED STATES DISTRICT JUDGE