1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    IRVIN REYES,                               No.  2:19-cv-02289-KJM-CKD PS

12                    Plaintiff,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14    KAISER PERMANENTE,                         (ECF Nos. 34 & 36)

15                    Defendant.

16

17

18         Presently before the court is plaintiff's response to the court's order to show cause why this

19    action should not be dismissed as barred by the doctrine of res judicata.[1]  (ECF Nos. 34, 36.)

20    Having considered the record and the arguments in plaintiff's response, the undersigned concludes

21    that this action is indeed barred by res judicata, and therefore recommends dismissing the case with

22    prejudice against the last remaining defendant, Kaiser Permanente.

23    **BACKGROUND**[2]

24         From 1988 to 2012, plaintiff worked for the healthcare company Kaiser Permanente at

25    Kaiser's South Sacramento location.  (ECF No. 19 at 22, 38, 42.)  In 2009, plaintiff had his

26    ─────────────────────

27    [1] Plaintiff is proceeding pro se, and this action is before the undersigned pursuant to Eastern
      District of California Local Rule 302(c)(21).

28    [2] Unless otherwise noted, these facts are drawn from the First Amended Complaint ("FAC") and
      its attachments (ECF No. 19), as well as court records from plaintiff's previous cases, which are

1    gallbladder removed in an operation performed at Kaiser Foundation Hospital.  (Id. at 76.)  In 2012,

2    plaintiff injured his eye and his knee in separate incidents while working.  (E.D. Cal. No. 2:18-cv-

3    622, ECF No. 19 at 36.)  In June 2012, plaintiff's private romantic relationship with a co-worker

4    was exposed, and the co-worker told the human resources department that plaintiff was harassing

5    her; after an investigation, plaintiff's employment was terminated.  (Id. at 35-36.)  Plaintiff later

6    applied for unemployment benefits but was denied because he had been discharged for misconduct.

7    (ECF No. 19 at 38-39.)  After a December 2012 hearing where both plaintiff and Kaiser appeared,

8    plaintiff's unemployment benefits appeal was also denied.  (Id. at 57-58.)

9            **A. The State Court Action**

10           On May 21, 2013, plaintiff—through counsel—sued Kaiser in Sacramento County Superior

11   Court.  (See E.D. Cal. No. 2:18-cv-622, ECF No. 19 at 6-25.)  Plaintiff's first amended complaint

12   filed in October 2013 alleged that his termination was motivated by gender discrimination in the

13   investigation of the unfounded harassment complaint, disability discrimination based on his work

14   injuries, and retaliation for engaging in protected activities including having reported Kaiser to the

15   California Medical Board for the allegedly negligent removal of his gallbladder.  (Id. at 36-37.)

16   Plaintiff asserted several state-law claims, including claims for "wrongful termination in violation

17   of public policy," gender/race/disability discrimination, and retaliation.  (Id. at 37-51.)  On

18   February 6, 2014, the state court dismissed the entire action with prejudice, as requested by plaintiff

19   through his attorney.  (Id. at 60.)

20           **B. The 622 Federal Court Action**

21           In March 2018, plaintiff filed his first federal action against Kaiser, Reyes v. Kaiser

22   Permanente, No. 2:18-cv-622-TLN-EFB-PS (E.D. Cal.) ("the 622 action").  The complaint in the

23   622 action was, like the FAC in the present action, largely devoid of factual allegations, but there

24   too plaintiff attached numerous documents—most of which have also been attached to the FAC in

---

25   properly subject to judicial notice.  Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012); Hunt v.

26   Check Recovery Sys. Inc., 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) (judicial notice may
     be taken of court records and pleadings).  The court disregards the substantially identical

27   purported Second Amended Complaint filed on November 4, 2020 without the court's permission
     (ECF No. 35).  See Fed. R. Civ. P. 15(a)(2) (requiring leave of court to file further amended

28   pleadings).

1    this action.  In the 622 action, Magistrate Judge Brennan discerned from the attachments that

2    plaintiff's complaint there arose out of the termination of plaintiff's employment with Kaiser; and,

3    because plaintiff had previously voluntarily dismissed with prejudice the prior state court action

4    against Kaiser, the 622 action was dismissed with prejudice as barred by res judicata.  Reyes v.

5    Kaiser Permanente, 2018 WL 4732152, at *1, *4 (E.D. Cal. Oct. 2, 2018), report and

6    recommendation adopted, 2018 WL 10716542 (E.D. Cal. Nov. 30, 2018), aff'd, 782 F. App'x 605

7    (9th Cir. 2019), cert. denied, No. 19-8405, 2020 WL 5882510 (U.S. Oct. 5, 2020).

8            **C. The Instant Action**

9            Less than one month after the Ninth Circuit affirmed the dismissal of the 622 action,

10   plaintiff filed the present suit against Kaiser on November 11, 2019.  (ECF No. 1.)  For several

11   months, plaintiff attempted to serve Kaiser and the other two named defendants but consistently

12   failed to do so in a manner that complied with Federal Rule of Civil Procedure 4.  (ECF Nos. 11,

13   13, 16, 17.)  The court allowed plaintiff several chances to effectuate proper service, and in a

14   May 22, 2020 order, directed plaintiff once more to properly serve all defendants within 30 days.

15   (ECF No. 18.)  Instead, on June 1, 2020, plaintiff filed a First Amended Complaint ("FAC").  (ECF

16   No. 19.)  The 159 pages of documents comprising the FAC are scattered and somewhat difficult to

17   follow.  Dispersed amongst them are a few completed pages of this district's form civil complaint

18   for pro se parties, with the current case number written across the top.  (Id. at 5-6, 8-9, 12.)  Plaintiff

19   asserts as the basis for federal jurisdiction: "Unemployment Hearing and my wrongful termination

20   from Kaiser Permanente."  (Id. at 12.)  The Statement of Claim section is not included, but in the

21   section for Relief, plaintiff states:

22           For my wrong surgery from Kaiser they remove my healthy gall
             bladder and gave me a second surgery.  I am still suffering because
23           of my 2 wrong surgery and my eye and my wrongful termination in
             violation of public policy from Kaiser and my unemployment
24           finances.

25   (Id. at 9 (certain punctuation and capitalization corrected).)  The FAC does not specify what

26   damages or other relief plaintiff seeks.

27           Kaiser has yet to appear in this action or respond to either the FAC or the initial complaint,

28   likely because plaintiff still has not properly served Kaiser despite the court's repeated

3

1  admonishments.  On September 21, 2020, the other two defendants—plaintiff's former union and

2  a union representative—moved to dismiss the claims against them for improper service and failure

3  to state a claim.  (ECF Nos. 26-28.)

4        On November 3, 2020, the undersigned ordered plaintiff to show cause why his claims

5  against Kaiser should not be dismissed *sua sponte* as barred by res judicata, and simultaneously

6  recommended that plaintiff's claims against the other two defendants be dismissed for failure to

7  state a claim.  (ECF No. 34.)  The undersigned explained the res judicata doctrine and the court's

8  preliminary understanding of how it would apply here.  (Id. at 8-9.)  On December 1, 2020, plaintiff

9  filed his response to the show cause order (ECF No. 36), and on December 15, 2020, the district

10  judge dismissed the claims against the other two defendants and referred the case back to the

11  undersigned (ECF No. 37).  Having reviewed plaintiff's response, the court now concludes that all

12  claims asserted against Kaiser should be dismissed with prejudice under the doctrine of res judicata.

13  **LEGAL STANDARDS**

14        As plaintiff was informed in the 622 action and again in the previous show cause order, the

15  doctrine of res judicata—a subset of which is known as claim preclusion—bars a plaintiff from

16  asserting "claims that were, or should have been, advanced in a previous suit involving the same

17  parties."  DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015); see Brodheim v. Cry, 584

18  F.3d 1262, 1268 (9th Cir. 2009) (where previous judgment was entered in state court, federal courts

19  must apply the preclusion law of the rendering state).  Claim preclusion arises if a subsequent suit

20  involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on

21  the merits in the first suit."  DKN Holdings, 61 Cal. 4th at 824.  Under California law, courts assess

22  whether a subsequent suit involves the same "cause of action" by analyzing "the primary right at

23  stake."  San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725,

24  734 (9th Cir. 2009) (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App.

25  4th 1161, 1170 (Ct. App. 2003)).  "[I]f two actions involve the same injury to the plaintiff and the

26  same wrong by the defendant then the same primary right is at stake even if in the second suit the

27  plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts

28  supporting recovery."  Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (Ct.

App. 1983)).  The focus of the analysis is on "the rights which are sought to be vindicated and the harm for which redress is claimed."  Dunkin v. Boskey, 82 Cal. App. 4th 171, 182 (Ct. App. 2000).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the [preclusion] defense has not been raised," Arizona v. California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal.  Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1054-55 (9th Cir. 2005).  "As a general matter, a court may, *sua sponte*, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'"  Id. at 1054-55 (quoting Evarts v. W. Metal Finishing Co., 253 F.2d 637, 639 n.1 (9th Cir. 1958)).

## **DISCUSSION**

Having considered the arguments raised in plaintiff's response to the show cause order, the undersigned concludes that the present action is barred, as all elements of claim preclusion are satisfied.

Beginning with the clearest of the three prongs, first, there is no dispute that the state court case was between the same two parties now left standing in this action.[3]  Second, the state court action was resolved through a final judgment on the merits by virtue of plaintiff's voluntary dismissal of the action, with prejudice.  See Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 793 (2010) (for purposes of res judicata, voluntary dismissal with prejudice is a final judgment on the merits).  Plaintiff argues that he does not know whether or how his state court case was resolved, stating that if it was concluded, it was dismissed by his legal counsel.  (ECF No. 36 at 3-4.)  As Magistrate Judge Brennan previously found, public court records show the state court granted plaintiff's request to voluntarily dismiss that case "with prejudice."  (E.D. Cal. No. 2:18-cv-622,

---

[3] The state court action named "Kaiser Foundation Hospitals" as the defendant, whereas here plaintiff names "Kaiser Permanente" like he did in the 622 action. In responding to the complaint in the 622 action, Kaiser averred that it was incorrectly sued as "Kaiser Permanente" when the proper corporate entity is Kaiser Foundation Hospitals, Inc.  (No. 2:18-cv-622, ECF No. 10 at 2.) It is clear from the record that plaintiff brought the instant action, the 622 action, and the state court action against the same entity: his former employer, Kaiser Foundation Hospitals.  And plaintiff makes no argument to the contrary.

ECF Nos. 19 at 60 & 27 at 6.)  Notwithstanding plaintiff's suggestion that his state court case is not binding because it "was not properly litigated" or because he did not personally request the dismissal (ECF No. 36 at 3-4), the state court's entry of the dismissal order requested by plaintiff's duly appointed legal representative constitutes a final judgment on the merits for purposes of res judicata.  See Boeken, 48 Cal. 4th at 793.

Third, although it is difficult to ascertain precisely what legal claims plaintiff asserts in the present action, the undersigned is confident that the FAC involves the same "primary right at stake" in the state court action (and in the 622 action).  See San Diego Police Officers' Ass'n, 568 F.3d at 734.  Plaintiff's brief statement requesting relief for his "wrongful termination in violation of public policy" mirrors the identical claim asserted in both of his previous two cases.  (Compare ECF No. 19 at 9, with No. 2:18-cv-622, ECF Nos. 1 at 3 & 19 at 10.)  Nearly all the documents attached to his complaint in the 622 action are also attached to the FAC here.  The overlapping attachments include proof of plaintiff's employment record with Kaiser (ECF No. 19 at 22-33), medical records from his 2009 gallbladder surgery (id. at 76-81), pictures of and letters regarding the former co-workers allegedly involved in his termination (id. at 88-99), and documents related to his charges of discrimination with the Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing (id. at 124-26, 133-36).

The new documents attached to the FAC relate to plaintiff's 2012 appeal of his post-termination claim for unemployment benefits, which were denied because he was discharged for workplace misconduct.  (ECF No. 19 at 38-46, 57-67, 72-74.)  And plaintiff seeks some form of relief for his "unemployment finances."  (Id. at 9.)  It is unclear what claim plaintiff is attempting to assert against Kaiser related to the state's denial of unemployment benefits, but the attachments to the FAC indicate that plaintiff argued to the unemployment appeals board that Kaiser discriminated against him "and continues to do so by contesting his unemployment," and that "Kaiser lied at [his] unemployment hearing."  (Id. at 61, 67.)  Even construing the FAC as asserting a Title VII retaliation claim based on Kaiser's opposition to plaintiff's pursuit of unemployment benefits, see Bryant v. Covina-Valley Unified Sch. Dist., 2018 WL 6016924, at *3–4 (C.D. Cal. Jan. 10, 2018) (noting that Title VII antiretaliation provisions extend to post-employment actions),

such a claim could and should have been raised in plaintiff's prior state court action where he challenged Kaiser's other allegedly retaliatory conduct during the same time period.  See Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562, 576 (Cal. Ct. App. 2010) ("If the matter was within the scope of the action, related to the subject matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it." (internal quotation omitted)).  In his response to the show cause order, plaintiff argues that his state court counsel did not add "the unemployment issue" to his state complaint despite saying that he would.  (ECF No. 36 at 2.)  This confirms that the unemployment benefits claim arose prior to or during the state court litigation.  Plaintiff apparently has filed an ethics complaint against his state court counsel (id. at 3); but however inadequate his representation may have been in that litigation, it does not change the finality of that suit's dismissal which now bars this subsequent suit.

The only other claims detectable in the FAC arise from the "wrong" surgeries allegedly performed on plaintiff at a Kaiser location.  (ECF No. 19 at 9.)  Plaintiff refers to the 2009 removal of his healthy gall bladder and a "second surgery" "which caused [him] to be disabled and unable to work."  (Id.; ECF No. 36 at 5.)  Plaintiff's response to the show cause order describes this as a claim for "medical malpractice."  (ECF No. 36 at 5.)  As Judge Brennan noted in recommending dismissal of the 622 action where plaintiff also included documents related to his gallbladder surgery, any medical malpractice claims against Kaiser for surgeries which preceded his 2012 termination are barred by the statute of limitations.  (No. 2:18-cv-622, ECF No. 27 at 6-7); see Cal. Civ. Proc. Code § 340.5 (3 years from date of injury, or 1 year after discovery of injury).  Moreover, plaintiff's workplace injuries and the resulting surgeries undergirded the disability discrimination claims asserted in the state court action.   (No. 2:18-cv-622, ECF No. 19 at 9, 19-21.)  Thus, any medical malpractice claims asserted here attempt to vindicate the same primary right, thus constituting the same cause of action under California law.  See Villacres, 189 Cal. App. 4th at 576; Dunkin, 82 Cal. App. 4th at 182.

Plaintiff argues that the present suit is not barred because the issues across the suits are not "identical."  (ECF No. 36 at 5.)  But, literal identicality of claims is not the standard.  "[A] judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the

7

same right, even though [s]he presents a different <u>legal ground</u> for relief." <u>Boeken</u>, 48 Cal. 4th at 798 (quotation omitted). All of plaintiff's claims here seek redress for having been terminated unjustly, the same harm for which he has sought—and been denied—redress in two prior lawsuits.

Thus, the undersigned adopts the same conclusion reached in the 622 action: that the present lawsuit is barred by res judicata and likewise should be dismissed with prejudice. Having heard plaintiff's arguments in opposition, it is within the court's authority to *sua sponte* dismiss this precluded action, and the undersigned recommends doing so. <u>See Daniels v. Sherman</u>, No. 1:16-CV-01312-LJO-EPG-PC, 2018 WL 1840193 (E.D. Cal. Apr. 18, 2018) (recommending sua sponte dismissal under res judicata, after providing pro se plaintiff opportunity to respond to show cause order), <u>aff'd</u>, 749 F. App'x 616 (9th Cir. 2019).

**CONCLUSION**

All of plaintiff's claims against Kaiser are barred as res judicata, and the action should therefore be dismissed in its entirety, as Kaiser is the last remaining defendant. Any amended complaint that plaintiff could bring would be barred by res judicata as well, rendering amendment futile. Therefore, dismissal should be without leave to amend. <u>Hartmann v. CDCR</u>, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

////

////

////

////

////

////

////

////

////

////

////

1    Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with

2 prejudice, and the case closed.

3    These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days

5 after being served with these findings and recommendations, any party may file written objections

6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections

7 to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

8 on all parties and filed with the court within fourteen (14) days after service of the objections.  The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez

11 v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

12 Dated:  December 17, 2020

13    _____

14    CAROLYN K. DELANEY
      UNITED STATES MAGISTRATE JUDGE

15

16

17 19.reye.2289

18

19

20

21

22

23

24

25

26

27

28

9